UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH DUFFY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-CV-829-ZMB |
| | ) | |
| SHAHABUDDEEN A. ALLY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER OF DISMISSAL</u>

This matter is before the Court on case review. Self-represented Plaintiff Elizabeth Duffy filed a single-page Complaint, Doc. 1, and moved for leave to proceed in forma pauperis, Doc. 2. Because the Complaint fails to establish subject-matter jurisdiction, and because Duffy's action is both frivolous and malicious, the Court dismisses this claim with prejudice.

The Complaint alleges only that "Defendants failed to show dignity in work," and Duffy "claims punitive damages" estimated at "over $50,000." Doc. 1. Duffy does not establish or meaningfully attempt to establish subject-matter jurisdiction. This case is therefore subject to dismissal on that ground alone. *See* FED. R. CIV. P. 12(h)(3); *see also Thigulla v. Jaddou*, 94 F.4th 770, 773 (8th Cir. 2024) (noting that courts must consider defects in subject-matter jurisdiction *sua sponte*).

But dismissal with prejudice is required because the Complaint is both frivolous and malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (requiring courts to screen for these and other defects). Here, the Complaint is frivolous because "it lacks an[y] arguable basis either in law or in fact." *Stanko v. Patton*, 228 F. App'x 623, 624 (8th Cir. 2007) (quotation omitted). The Complaint does not identify the nature of Duffy's relationship with the Defendants, provide factual context for the alleged wrongdoing, or provide any other basic information. Further, Duffy's prior litigation history demonstrates that she is acting maliciously. A review of publicly available records shows

that Duffy has filed this same single-page complaint at least 17 times in federal district courts across the country.[1] The absence of allegations, combined with Duffy's repeated filing of the same complaint in multiple jurisdictions, demonstrates a pattern of vexatious litigation aimed at harassing Defendants rather than an attempt to vindicate a cognizable right. *See Horsey v. Asher*, 741 F.2d 209, 213 (8th Cir. 1984) (recognizing that a complaint is malicious if it is "plainly part of a longstanding pattern of abusive and repetitious lawsuits"). As such, the Court dismisses this case with prejudice.[2] *See Am. Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 61–62 (8th Cir. 1988) ("Rule 11 allows the district court to impose sanctions whenever a plaintiff has filed a frivolous lawsuit."); *see also James v. East Baton Rouge Parish*, 2024 WL 5172201, at *1 (M.D. La. Dec. 19, 2024) ("[T]he Fifth Circuit has determined that a dismissal with prejudice is an appropriate remedy if the Court determines that a lawsuit is frivolous and/or malicious." (citation omitted)).

Accordingly, the Court **DISMISSES** this action with prejudice for lack of jurisdiction and as both frivolous and malicious.

So ordered this 12th day of June 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g.*, *Duffy v. Ally*, No. 1:26-CV-2318-RTG (D. Colo. May 26, 2026); *Duffy v. Ally*, No. 8:26-CV-1545-MSS-TGW (M.D. Fla. May 28, 2026); *Duffy v. Ally*, No. 5:26- CV-214-CAR (M.D. Ga. May 28, 2026); *Duffy v. Ally*, No. 1:26-CV-96-JHM (W.D. Ken. May 27, 2026); *Duffy v. Ally*, No. 1:26-CV-12369-LTS (D. Mass. May 26, 2026); *Duffy v. Ally*, No. 8:26-CV-2084-PX (D. Md. May 26, 2026); *Duffy v. Ally*, No. 1:26-CV-488 (M.D.N.C. May 26, 2026); *Duffy v. Ally*, No. 3:26-CV-411-KDB-DCK (W.D. N.C. May 26, 2026); *Duffy v. Ally*, No. 8:26-CV-243-JFB-PRSE (D. Neb. May 28, 2026); *Duffy v. Ally*, No. 1:26-CV-423-LM-AJ (D.N.H. May 26, 2026); *Duffy v. Ally*, No. 1:26-CV-1718-GBW (D.N.M. May 27, 2026); *Duffy v. Ally*, No. 3:26-CV-393-MMD-CSD (D. Nev. May 27, 2026); *Duffy v. Ally*, No. 1:26-CV-339-MSM-AEM (D.R.I. May 26, 2026); *Duffy v. Ally*, No. 2:26-CV-120-DCLC-CRW (E.D. Tenn. May 27, 2026); *Duffy v. Ally*, No. 2:26-CV-521-RAJ-LRL (E.D. Va. May 27, 2026); *Duffy v. Ally*, No. 2:26-CV-233-SAB (E.D. Wash. May 27, 2026).

[2] Duffy's vexatious conduct has gone on for long enough that a stiffer sanction certainly would be justified. While it will not take that action at this point, the Court specifically cautions Duffy that it has the authority to—and intends to—impose harsher sanctions should her conduct continue. *See Taylor v. Caplan*, No. 4:24-cv-01303-MTS, 2025 WL 26683, at *2 n.2 (E.D. Mo. Jan. 3, 2025) ("Rule 11 directs the court to impose sanctions against a litigant who signs frivolous or abusive pleadings, and may be imposed on pro se litigants." (citation omitted)).

2